Marc A. Fenster
Email: mfenster@raklaw.com
Jeffrey Z.Y. Liao
Email: jliao@raklaw.com
Neil A. Rubin
Email: nrubin@raklaw.com
Andrew D. Weiss
Email: aweiss@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Boulevard
Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorney for Plaintiff*
Straight Path IP Group, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC., VERIZON SERVICES CORP., VERIZON BUSINESS NETWORK SERVICES INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS<br><br>Defendants. | Civil Action No. 1:16-cv-4236 (AJN)(JCF) |

**PLAINTIFF STRAIGHT PATH IP GROUP, INC.'S ANSWERING MEMORANDA IN OPPOSITION TO DEFENDANTS' MOTION TO STAY**

**TABLE OF CONTENTS**

I. INTRODUCTION. ...... 1

II. FACTUAL BACKGROUND. ...... 2

III. APPLICABLE LEGAL STANDARD. ...... 3

IV. ARGUMENT. ...... 3

    A. A Stay Pending Appeal Will Not Simplify Issues Because Defendants' Currently Pending Appeal Is Unlikely To Cause The Federal Circuit To Reconsider Its Previous Ruling Regarding The Proper Construction Of The Key Term. ...... 4

    B. Straight Path's Claims Against Defendants Have Been Effectively Pending For Two Years. The State Of The Litigation Weighs, At Best, Slightly In Favor Of A Stay. ...... 6

    C. Straight Path Has Prevailed At The Federal Circuit And In Front Of The PTAB. Further Delay Is Contrary To The Parties' Agreement And Prejudices Straight Path. ...... 7

    D. Because The Federal Circuit Is Unlikely To Overturn The PTAB's Final Written Decision, A Stay Will Not Reduce The Burden On The Parties Or The Court. ...... 10

    E. Alternatively, If A Stay Is Ordered, Straight Path Requests That The Court Allow Straight Path To Conduct Discovery Related To Infringement And Damages To Minimize Straight Path's Undue Burden As A Result Of The Stay. ...... 11

V. CONCLUSION. ...... 11

# TABLE OF AUTHORITIES

**Cases**

*Acqis LLC v. EMC Corp.*,
  Case No. 14-cv-13560, 2016 WL 4250245 (D. Mass. Aug. 8, 2016) .................................. 4, 9

*Braintree Labs. v. Breckenridge Pharma, Inc.*,
  Case No. 12-cv-6851 (S.D.N.Y. Jun. 23, 2015) ....................................................................... 5

*Cutsforth, Inc. v. Westinghouse Air Brake Techs., Corp.*,
  Case No. 12-1200, 2015 WL 9859635 (D. Minn. Jan. 15, 2015) ........................................... 11

*Gentherm Canada, Ltc. V. IGB Automotive, Ltd.*,
  Case No. 13-11536, 2015 WL 804657 (E.D. Mich. Feb. 26, 2015) ....................................... 11

*Geo. M. Martin Co. v. All Mach. Sys. Int'l LLC*,
  618 F.3d 1294 (Fed. Cir. 2010) ................................................................................................ 6

*LG Elecs., Inc. v. Toshiba Samsung Storage Tech. Korea Corp.*,
  Case No. 12-1063-LPS-CJB, 2015 WL 8674901 (D. Del. Dec. 11, 2015) .............................. 7

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
  676 F.3d 83 (2d. Cir. 2012) ...................................................................................................... 3

*Memjet Tech. Ltd. v. Hewlett-Package Co.*,
  Case No. 15-CV-1769-BEN (BLM), 2016 WL 4618900 (S.D. Cal. Jun. 2, 2016) .................. 4

*Network-1 Security Solutions, Inc. v. Alcatel-Lucent USA Inc.*,
  Case No. 6:11cv1492, 2015 WL 11439060 (E.D. Tex. Jan. 5, 2015) .................................. 5, 7

*One No. Corp. v. Google Inc.*,
  No. 1:10-CV-312-RLY-TAB, 2012 WL 1493843 (S.D. Ind. Apr. 26, 2012) ........................... 5

*Plasmart Inc. v. Wincell Int'l Inc.*,
  Case No. 05 CIV. 10745 (PKC), 2008 WL 4107464 (S.D.N.Y. Sept. 2, 2008) ....................... 3

*Straight Path IP Group, Inc. v. Sipnet EU S.R.O.*,
  806 F.3d 1356 (Fed. Cir. 2015) ............................................................................................ 2, 3

*SurfCast, Inc. v. Microsoft Corp.*,
  No. 2:12-CV-333, 2014 WL 6388489 (D. Me. Nov. 14, 2014) ............................................... 3

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
  Case No. 12-cv-5501-SI, 2015 WL 435457 (N.D. Cal. Feb. 2, 2015) ................................... 10

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) ................................................................................................ 5

*Zipit Wireless Inc. v. Blackberry Ltd.*,
   Case No. 6:13-cv-2959-JMC, 2016 WL 3452735 (D.S.C. Jun. 24, 2016) .................................. 9

*ZOLL Med. Corp. v. Respironics, Inc.*,
   Case No. 12-1778-LPS, 2015 WL 4126741 (D. Del. Jul 8, 2015) ......................................... 5, 7

Plaintiff Straight Path IP Group, Inc. ("Straight Path") hereby submits this answering memoranda of law and fact opposing the Motion to Stay (the "Motion") filed by Defendants Verizon Communications Inc., Verizon Services Corp., Verizon Business Network Services Inc. and Cellco Partnership D/B/A Verizon Wireless (collectively, "Defendants").

## I.   INTRODUCTION.

Defendants' Motion should be denied because the totality of the circumstances do not warrant staying this case. Defendants took their best shot at invalidating the three patents-in-suit and have received only decisions from the Patent Trial and Appeal Board ("PTAB") rejecting their arguments under a lesser standard than is applied in federal litigation. The claim construction of the key term came directly from a Federal Circuit decision. The likely efficiencies to be gained through a stay have already been achieved: the Federal Circuit and PTAB have spoken with respect to the claims constructions of the patents-in-suit, the PTAB has rejected Defendants' invalidity arguments and the Defendants are now subject to the attendant estoppel. The possibility that the Federal Circuit might, on its second review of substantially similar facts, alter its previous opinion does not support staying the instant case.

The four stay factors do not support staying the case given the current facts. The case is likely as streamlined as it will get. Despite bearing the burden of showing that a stay is appropriate, Defendants fail to do more than speculate as to two possible actions the Federal Circuit could take. Defendants present no factual bases showing why the Federal Circuit would take the speculated actions, let alone that the speculated actions are likely. The mere possibility that something could happen does not support a stay. Further, Defendants' actions are tactical in nature, designed to unduly burden Straight Path. Despite knowing it was possible that the *Sipnet* appeal and the pending IPR petitions could result in adverse rulings (as they did), Defendants negotiated a standstill of the previous litigation pending only the outcome of the *Sipnet* appeal. The parties expressly contemplated restarting the litigation if the *Sipnet* appeal was favorable to Straight Path. It is only now, after the *Sipnet* appeal was successful and Defendants did not prevail in the IPR proceedings, that they seek a stay to increase the prejudice on Straight Path.

1

Further delay prejudices Straight Path because the evidence necessary to prove its allegations becomes harder to gather the longer discovery is delayed. Memories fade. Documents get inadvertently lost or destroyed. Witnesses move and become harder to find. The stay factors do not support a stay here.

Finally, if the Court does believe a stay is appropriate, Straight Path requests that the Court allow Straight Path to take discovery while the case is stayed. This will allow the prejudice against Straight Path to be minimized as much as possible.

## II.   FACTUAL BACKGROUND.

Straight Path filed its original complaint against the majority of the Defendants on September 26, 2014. The complaint was styled *Straight Path IP Group, Inc. v. Verizon Commc'ns, et al.*, Civil Action No. 1:14-cv-7798-AJN (S.D.N.Y.) (the "Original Action"). The Original Action asserted claims for infringement of the same patents that are asserted here. Shortly after the filing of the Original Action, in a proceeding styled *Sipnet EU S.R.O. v. Straight Path IP Group, Inc.*, IPR 2013-00246, the PTAB issued a Final Written Decision cancelling all of the challenged claims of U.S. Patent No. 6,108,704 (the "'704 patent").

In light of Defendants' desire for a stay and Straight Path's desire to appeal the PTAB's decision, Straight Path and Defendants jointly moved to stay the Original Action pending the outcome of the *Sipnet* appeal. Original Action at D.I. 11 at 2. Before the Court could rule on the joint motion, the parties negotiated a Standstill Agreement whereby Straight Path voluntarily dismissed the action against Defendants. Like the joint motion to stay, the parties agreed that the standstill would last until the resolution of Straight Path's appeal, when Straight Path could refile its infringement claims.

On November 25, 2015, the Federal Circuit issued its opinion and overruled the PTAB's claim construction of the key term. *Straight Path IP Group, Inc. v. Sipnet EU S.R.O.*, 806 F.3d 1356, 1363 (Fed. Cir. 2015) (holding that "is connected to the computer network" should have been construed as "is connected to the computer network at the time that the query is transmitted

2

to the server"). The Federal Circuit then remanded the proceeding to be further considered by the PTAB. *Id.* Applying the Federal Circuit's construction, the PTAB refused to institute a challenge to one of the patents-in-suit (U.S. Patent No. 6,701,365) and rejected the pending invalidity arguments against the other patents-in-suit. *See generally* D.I. 1 at Exs. D, E. Some of the Defendants (Verizon Services Corp. and Verizon Business Network Services Inc.) participated in the proceedings in front of the PTAB. *Id.*

After a delay of almost 2 years, shortly after the PTAB rejected the invalidity arguments against the patents-in-suit, Straight Path filed its complaint in this action on June 7, 2016.

## III. APPLICABLE LEGAL STANDARD.

There is no dispute here as to the legal standard to be applied. Verizon, as the moving party, bears the burden of showing that a stay is appropriate. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012). While there is no definitive set of factors to be considered in a situation such as this, there are at least four factors that courts have considered in relatively similar situations:

> (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

*Plasmart Inc. v. Wincell Int'l Inc.*, Case No. 05 CIV. 10745 (PKC), 2008 WL 4107464, at *1 (S.D.N.Y. Sept. 2, 2008). "[W]hile prior decisions may prove instructive, the inquiry is largely case specific." *SurfCast, Inc. v. Microsoft Corp.*, No. 2:12-CV-333, 2014 WL 6388489, at *1 (D. Me. Nov. 14, 2014).

## IV. ARGUMENT.

A stay is not warranted here because, when the facts are considered in totality, this situation does not warrant a stay. Defendants' invalidity arguments for the patents-in-suit have

3

been rejected. *See generally* D.I. 1 at Exs. D, E. The key claim construction underlying the PTAB decisions was ordered by the Federal Circuit. The efficiencies to be created through a stay pending a PTAB decision have already been achieved. A stay now would likely result in substantial additional delay without any benefit to the Court or Straight Path. While there is a possibility that the Federal Circuit appeal could further clarify the previous Federal Circuit opinion or could dispose of this case, the possibility of such an occurrence is low. Defendants' Motion must be denied.

> **A.    A Stay Pending Appeal Will Not Simplify Issues Because Defendants' Currently Pending Appeal Is Unlikely To Cause The Federal Circuit To Reconsider Its Previous Ruling Regarding The Proper Construction Of The Key Term.**

The instant situation is rare; not only (1) has the PTAB rejected Defendants' arguments that the patents-in-suit are invalid but (2) the PTAB's rulings were based on a claim construction *provided by the Federal Circuit*. The issues likely to be streamlined by an IPR (such as claim construction or invalidity under the lesser standard used by the PTAB) have already been decided and further streamlining is unlikely. *See Acqis LLC v. EMC Corp.*, Case No. 14-cv-13560, 2016 WL 4250245, at *2 (D. Mass. Aug. 8, 2016) (finding additional streamlining unlikely where PTAB upheld patents and court had issued its claim construction). While there is some possibility that the Federal Circuit could reverse itself, Defendants have presented no argument satisfying its burden that such a result is anything more than a mere possibility.[1] Defendants' hope that its appeal will change its current situation should not be given much weight. *See, e.g.*, *ZOLL Med. Corp. v. Respironics, Inc.*, Case No. 12-1778-LPS, 2015 WL

---

[1] The instant situation bears a close resemblance to seeking a stay before an IPR proceeding has been instituted. While there is a possibility that an IPR proceeding might be instituted and streamline the case, many courts will not order a stay based on the mere possibility of streamlining. *E.g.*, *Memjet Tech. Ltd. v. Hewlett-Packard Co.*, Case No. 15-CV-1769-BEN (BLM), 2016 WL 4618900, at *2 (S.D. Cal. Jun. 2, 2016).

4126741, at *1 (D. Del. Jul. 8, 2015) ("The pendency of an appeal from the IPR, and the possibility that the Federal Circuit may reverse the PTO (and thereby simplify this litigation by, presumably, making it disappear), is not, in and of itself, a sufficient basis to make the patentee here continue to wait to enforce patent rights that it currently holds."); *Network-1 Security Solutions, Inc. v. Alcatel-Lucent USA Inc.*, Case No. 6:11cv1492, 2015 WL 11439060, at *3 (E.D. Tex. Jan. 5, 2015) ("at this stage, the mere possibility (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated or amended on appeal and then result in simplification is too speculative to be given much weight." (citing *One No. Corp. v. Google Inc.*, No. 1:10-CV-312-RLY-TAB, 2012 WL 1493843, at *1 (S.D. Ind. Apr. 26, 2012))); *see also Braintree Labs. v. Breckenridge Pharma., Inc.*, Case No. 12-cv-6851 (AJN), D.I. 80 at 2-3 (S.D.N.Y. Jun. 23, 2015) (attached as Exhibit A) (lifting a stay after an initial appeal and remand trial in a related case; "While there is a chance that the Federal Circuit may reverse this finding, which would benefit the Defendants, such a reversal will only come after considerable additional delay in this case."). In all likelihood, the record is as streamlined currently as it will get.

Defendants argue that this factor supports a stay because the Federal Circuit review will have a "heavy, if not dispositive, impact on the present case" for two reasons. First, Defendants argue they will succeed in overturning the PTAB's decisions at the Federal Circuit[2] because the PTAB improperly found that the prior art had to act "perfectly." Motion at 7-8. Defendants simply declare their position; they do not include, for example, factual citation or legal argument showing where the PTAB made its alleged error. Because justifying a stay is Defendants' burden,

---

[2] Paradoxically, Defendants preemptively fault Straight Path for arguing in opposition to the Motion that Defendants' appeal is unlikely to succeed. Motion at 9-10. However, Defendants argue that the appeal is likely to succeed in support of their Motion. Defendants cannot have it both ways. Regardless, the case relied on by Defendants, *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307 (Fed. Cir. 2014), is irrelevant here. The issue in *VirtualAgility* was the district court's collateral review of whether an institution of a CBM was correct. *Id.* at 1313. Taking into consideration the most likely effects of an appeal on a litigation is not the same as collaterally reviewing whether a CBM institution was appropriate.

assertions without factual or legal support should not be credited.[3] Second, Defendants assert that the Federal Circuit may change its construction to require "prefect accuracy" and Defendants do not infringe under that construction. Mot. at 8. While Straight Path disagrees with Defendants' characterization of the record, the important aspect of Defendants' argument is that, even assuming Defendants' hypothetical result were to occur, it does not support a stay. In order for Defendants to seek a Court resolution of their non-infringement arguments, the parties would still need to engage in discovery, claim construction and summary judgment practice. So long as the claim construction hearing were scheduled after the expected deadline for a decision from the Federal Circuit in early April 2017[4], Defendants' second hypothetical would have no impact on the efficiency of this litigation.

In light of the current factual situation, the streamlining factor weighs heavily against granting a stay.

### B. Straight Path's Claims Against Defendants Have Been Effectively Pending For Two Years. The State Of The Litigation Weighs, At Best, Slightly In Favor Of A Stay.

Straight Path's claims against Defendants have effectively been stayed for almost two years. Indeed, although the parties ultimately agreed to dismiss the Original Action, the parties initially filed a joint motion to stay pending the soon to be filed appeal of the *Sipnet* IPR decision. Original Action at D.I. 11. In situations similar to this, some courts have viewed the delay already introduced by the prior stay as weighing against continuing a stay despite the early

---

[3] Defendants also lack a legal basis for their argument. The Federal Circuit in *Geo. M. Martin Co. v. All Mach. Sys. Int'l LLC*, 618 F.3d 1294 (Fed. Cir. 2010) held that it did not matter that prior art did not work for the intended purpose in an obviousness analysis. *Id.* at 1302. *Geo. M. Martin* does stand for the proposition that "it is plain error to require the prior art to perform perfectly" as argued by Defendants.

[4] In 2015, the average time from docketing decision to disposition was approximately 10 months. http://www.cafc.uscourts.gov/sites/default/files/Median%20Disposition%20Time%20for%20Cases%20Terminated%20after%20Hearing%20or%20Submission%20%28Chart%202006-2015%29.pdf. Defendants' appeal was docketed on May 23, 2016. A decision from the Federal Circuit is therefore expected in late March or early April 2017.

stage of the actual case. *E.g.*, *LG Elecs., Inc. v. Toshiba Samsung Storage Tech. Korea Corp.*, Case No. 12-1063-LPS-CJB, 2015 WL 8674901, at *4 (D. Del. Dec. 11, 2015) ("Viewed in terms of how long it has been pending, LG's case is not at a particularly 'early' stage at all, as LG has been waiting to have its infringement claims adjudicated for some time."); *ZOLL*, 2015 WL 4126741 at *1 ("Continuing the stay would unduly prejudice [plaintiff] and unfairly advantage [defendant], in part by keeping this case at its relatively early stage for perhaps up to another year, while the appeal is briefed and decided."). In fact, because the PTAB has already rejected Defendants' argument, at least one court has found that the early stage of this action might present an advantage. "Lifting the stay can allow the action to advance, and then, if a decision is rendered regarding the Appeal Board's Final Written Decision that affects this case, appropriate adjustments can be made, including possibly restaying the case." *Network-1*, 2015 WL 11439060 at *6. Even if the Federal Circuit does adopt a modified construction, as Defendants argue in the factor above, the early stage of the case would allow the Court to, for example, order a schedule to account for Defendants' speculative Federal Circuit ruling. Very little, if any, resources would have been wasted. There are reasons, therefore, to find that this factor weighs in favor of denying a stay.

Straight Path does not deny, however, Defendants' arguments that, from a schedule perspective, no discovery had been taken to date and the Court has not yet decided any substantial motions.

Accordingly, in light of the competing interests, this factor at most weighs at best only slightly in favor of a stay.

### C. Straight Path Has Prevailed At The Federal Circuit And In Front Of The PTAB. Further Delay Is Contrary To The Parties' Agreement And Prejudices Straight Path.

Straight Path negotiated the previous Standstill Agreement in good faith and took Verizon at its word that it was seeking to halt the litigation during the pendency of the *Sipnet* appeal. These terms are reflected in the joint stay motion filed in the previous case. Original

7

Action, D.I. 11 at 1-2 (the parties "respectfully request that the Court stay the instant litigation pending the resolution of Plaintiff's appeal of the United States Patent and Trademark Office's ruling in the *inter partes* review proceeding *Sipnet EU S.R.O. v. Straight Path IP Group, Inc.*, IPR 2013-00246, Paper 62 (October 9, 2014)"). Similar terms are reflected in the Standstill Agreement between the parties. Though Defendants likely knew of their intention to file IPR petitions, Defendants did not raise the possibility of staying the litigation during the pendency of their planned IPR proceedings, let alone during all related appeals. It is only now, for the tactical purpose of continuing delay, that Defendants have raised this issue.

Accounting for all potential appellate procedure, a stay of Straight Path's claim now could result in an effective stay of the claims for at least three years and, perhaps, significantly longer than that. Unlike a stay pending an IPR proceeding, where the schedule is defined by statute, a stay here would be indefinite in length. Defendants' appeal was docketed on May 23, 2016. Using the Federal Circuit's average time from docketing to decision of 10 months ([http://www.cafc.uscourts.gov/sites/default/files/Median%20Disposition%20Time%20for%20Cases%20Terminated%20after%20Hearing%20or%20Submission%20%28Chart%202006-2015%29.pdf](http://www.cafc.uscourts.gov/sites/default/files/Median%20Disposition%20Time%20for%20Cases%20Terminated%20after%20Hearing%20or%20Submission%20%28Chart%202006-2015%29.pdf)), a Federal Circuit decision is not expected until approximately April 2017. After the Federal Circuit decision, additional delays are likely if further review is sought (such an *en banc* hearing or Supreme Court review) or the matter is remanded to the PTAB. Even after remand, Defendants could seek a third Federal Circuit review. In all, the stay currently sought by Defendants could last anywhere from one year to many years. When added to the two-year delay already incurred by Straight Path, the Motion seeks to introduce three or more years of delays before Straight Path's claims can begin to be adjudicated.

Straight Path is unduly prejudiced by a continued, indefinite delay of this litigation. The licensing of its patent portfolio is Straight Path's business. Continued delay substantially harms Straight Path's business. Further, even if discovery started immediately, Straight Path will be

8

seeking discovery of documents and information that is eight or more years old.[5] Straight Path already anticipates difficulty in gathering relevant information related to Defendants' products in the 2008 and 2009 time frames. Witnesses memories fade. Knowledgeable employees leave and can be hard to find. Documents can be inadvertently lost or destroyed. The additional delay of a year or more could result in critical evidence becoming irretrievable. Straight Path did not account for this additional delay and prejudice in its original agreement with Defendants and should not be so prejudiced now. *See, e.g., Acqis*, 2016 WL 4250245 at *2-3 (finding undue prejudice to non-practice entity because appeals can take over a year and the court was concerned about defendant changing from its initial position requesting a stay only during the IPR proceeding to extending the stay beyond the IPR proceeding); *Zipit Wireless Inc. v. Blackberry Ltd.*, Case No. 6:13-cv-2959-JMC, 2016 WL 3452735, at *2 (D.S.C. Jun. 24, 2016) (finding this factor weighed against a stay because of prejudice from delay of appeal, waiting for the appeal period to pass and further potential PTAB actions).

Defendants do not meet their burden of showing that this factor supports a stay because their arguments do not account for the fact that Straight Path has already suffered prejudice as a result of the effective stay that has been in place since the case was originally dismissed. Now that the *Sipnet* appeal has been resolved in favor of Straight Path and Defendants' invalidity arguments in their IPRs have been rejected, further delay is prejudicial to Straight Path for the reasons described above. The harm to Straight Path and the fading ability to prove its allegations are real and present issues if a further delay of potentially a year or more is introduced by a stay.

Accordingly, the prejudice factor weighs heavily against granting a stay.

---

[5] The parties agreed that, for infringement and damages statute of limitation purposes, the statute began to run from the filing date of the Original Action, not the instant action.

### D. Because The Federal Circuit Is Unlikely To Overturn The PTAB's Final Written Decision, A Stay Will Not Reduce The Burden On The Parties Or The Court.

The final stay factor regarding the reduction of burden on the parties and the Court also does not support a stay. The only situation that would obviate the need for discovery, claim construction and motion practice is Defendants' unsupported argument that the PTAB improperly interpreted the prior art. It is much more likely that the Federal Circuit upholds its previous ruling, leaving the PTAB's decision undisturbed, or modifies its claim construction to, in Defendants' estimation, improve Defendants' non-infringement position. In either situation, the parties will still need to conduct discovery and the Court will still have to issue claim construction and summary judgment orders. Any impact of the Federal Circuit ruling can be accounted for in the scheduling, such as scheduling the claim construction hearing after the anticipated Federal Circuit ruling around April 2017. A stay will only increase the burden on Straight Path, as discussed in the previous factor, while not reducing the burden on the Court or the eventual burden on Defendants. This factor does not support a stay.

Defendants' arguments in support of this factor appear to be little more than repeating its arguments with respect to the first factor (streamlining). Defendants have not established that a stay at this time will reduce the burden on the Court and the parties. Defendants' case citations are not particularly supportive of their position either. In *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, Case No. 12-cv-5501-SI, 2015 WL 435457 (N.D. Cal. Feb. 2, 2015), a stay was granted after two failed stay motions primarily because one of the patents-in-suit had been invalidated by the PTAB. *Id.* at *3-4 ("the PTAB's finding of unpatentability of the '076 Patent has made it substantially more likely that failing to stay this case will result in wasted judicial resources"). All of the patents-in-suit here have been validated by the PTAB. *Cutsforth, Inc. v. Westinghouse Air Brake Techs., Corp.*, Case No. 12-1200, 2015 WL 9859635 (D. Minn. Jan. 15, 2015) is even less relevant. In *Cutsforth*, the patent owner was seeking a stay to appeal an invalidating PTAB decision because defendants sought to use the PTAB ruling as evidence of

10

inequitable conduct. 2015 WL 9859635 at *3-4. Whether the PTAB ruling was upheld was therefore likely to have a direct impact on whether the PTAB ruling could be used as evidence of inequitable conduct. That is not the case here.

Therefore, as discussed above, at least three of the four stay factors weigh against granting a stay. Defendants have not met their burden of showing that, in this unusual factual situation, a stay is appropriate.

### E. Alternatively, If A Stay Is Ordered, Straight Path Requests That The Court Allow Straight Path To Conduct Discovery Related To Infringement And Damages To Minimize Straight Path's Undue Burden As A Result Of The Stay.

For the reasons discussed above, Straight Path does not believe that a stay is appropriate here. However, if the Court grants a stay, Straight Path requests that the Court lessen the burden of the stay on Straight Path by allowing it to take discovery regarding infringement and damages during the stay. Conducting discovery now will minimize the impact of fading memories and inadvertent destruction of relevant documents and information. Further, the requested relief is not unprecedented. *E.g.*, *Gentherm Canada, Ltd. v. IGB Automotive, Ltd.*, Case No. 13-11536, 2015 WL 804657 at *4 (E.D. Mich. Feb. 26, 2015) ("allowing discovery to proceed will alleviate the potential prejudice to Plaintiff without jeopardizing the bulk of the expected benefits of PTAB's decisions"). Straight Path's requested alternative relief balances the burden of Straight Path against Defendants' stated desire to further streamline the litigation with its pending Federal Circuit appeal.

### V. CONCLUSION.

Defendants' Motion must be denied because, when the facts are considered in their totality, the stay factors do not support staying the case. Defendants have not met their burden of showing that the mere possibility that the Federal Circuit might issue a ruling overturning its own previous construction or the PTAB's interpretation of prior art sufficiently supports a stay.

11

Alternatively, if the Court grants a stay, Straight Path requests that the Court permit Straight Path to conduct discovery in order to minimize the burden of the stay on Straight Path.

Respectfully submitted,

DATED: September 27, 2016   **RUSS, AUGUST & KABAT**

_/s/ Andrew D. Weiss_____
Andrew D. Weiss

Marc A. Fenster
Email mfenster@raklaw.com
Jeffrey Z.Y. Liao
Email: jliao@raklaw.com
Neil A. Rubin
Email: nrubin@raklaw.com
Andrew D. Weiss
Email: aweiss@raklaw.com
12424 Wilshire Boulevard
Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff*
Straight Path IP Group, Inc.