UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 1 8 2016
```

Straight Path IP Group, Inc.,

               Plaintiff,

–v–

Verizon Communications Inc. *et al.*,

               Defendants.

16-CV-4236 (AJN)

MEMORANDUM
AND ORDER

ALISON J. NATHAN, District Judge:

      Plaintiff Straight Path IP Group, Inc. ("Straight Path") initiated this action on June 7, 2016. Dkt. No. 1. It alleges that Defendants Verizon Communications Inc., Verizon Services Corp., Verizon Business Network Services Inc., and Cellco Partnership (d/b/a Verizon Wireless) (collectively, "Defendants") infringed certain patents owned by Straight Path: United States Patents Nos. 6,108,704 (the "704 Patent"), 6,131,121 (the "121 Patent"), and 6,701,365 (the "365 Patent") (collectively, the "Patents-in-Suit"). *Id.* ¶¶ 6-7, 26-69. Before the Court is Defendants' September 13, 2016 motion to stay this litigation until resolution of a consolidated appeal, currently pending before the United States Court of Appeals for the Federal Circuit, from two decisions of the United States Patent and Trademark Office's ("USPTO") Patent and Trial Appeal Board ("PTAB") following *inter partes* review ("IPR") of the validity of certain claims in two of the Patents-in-Suit. For the reasons that follow, Defendants' motion is GRANTED.

I.    **Background**

      The posture of this case is somewhat unusual. Straight Path commenced an earlier infringement action concerning the Patents-in-Suit against several of the Defendants on September 26, 2014. *Straight Path IP Group, Inc. v. Verizon Commc'ns*, 14-cv-7798, Dkt. No. 1 (S.D.N.Y. Sept. 26, 2014). Prior to any substantial activity in that case, the parties jointly moved

1

for a stay pending Straight Path's appeal of the PTAB's decision in another IPR proceeding, *Sipnet EU S.R.O. v. Straight Path IP Group, Inc.*, IPR 2013-00246 (the "*Sipnet* Action"), which had cancelled several claims in the 704 Patent that Straight Path had intended to assert against the Defendants before this Court. *Straight Path*, 14-cv-7798, Dkt. Nos. 10-11. Prior to a ruling on the parties' joint motion to stay, Straight Path filed a voluntary notice of dismissal without prejudice. *Id.* Dkt. No. 15.

During the pendency of Straight Path's appeal in the *Sipnet* Action, various non-parties, including Samsung Electronics and LG among others, petitioned for IPR of certain other claims in the 704 and 121 Patents. *See* Defendants' Memorandum of Law in Support of Defendants' Motion to Stay (Dkt. No. 42) ("Br.") at 2-4. Defendants Verizon Services Corp. and Verizon Business Network Services subsequently joined several of those IPR petitions. *Id.*

On November 25, 2015, the Federal Circuit issued a decision in the *Sipnet* Action reversing the PTAB's cancellation of the 704 Patent's claims. *Straight Path IP Group, Inc. v. Sipnet EU S.R.O.*, 806 F.3d 1356, 1360-63 (Fed. Cir. 2015). The court concluded that the PTAB's finding that the challenged claims were anticipated by, or obvious over, certain prior art was based on erroneous construction of a certain key phrase – "is connected to the computer network" – appearing in several of the claims at issue. *Id.* The court remanded the *Sipnet* Action to the PTAB for further proceedings, including application of its construction of the claim language to the relevant prior art. *Id.* at 1363-64.

Following the Federal Circuit's decision in the *Sipnet* Action, the PTAB issued decisions resolving several of the IPRs that had been initiated while the *Sipnet* appeal was pending. Relying in large measure on the Federal Circuit's *Sipnet* decision, the PTAB declined to cancel the majority of the challenged claims in the 704 and 121 Patents. As is relevant here, the PTAB largely agreed with Straight Path on the proper application of the Federal Circuit's construction of the "is connected to the computer network" language to prior art on which petitioners based obviousness challenges, and also concluded that certain phrases appearing in other claims in the

2

704 and 121 Patents had substantially the same meaning as the phrase construed by the Federal Circuit. *See, e.g.*, Dkt. 1-4 (PTAB's Final Written Decision in *LG Electronics, Inc. v. Straight Path IP Group, Inc.* IPR2015-196, IPR2015-198, IPR2015-209, (May 9, 2016)) at 11-35.

Petitioners in those IPRs – including two of the Defendants in this action – filed notices of appeal in May 2016, and the appeals were subsequently consolidated. *See LG Elecs., Inc. v. Straight Path IP Group, Inc.*, 16-2112, Dkt. No. 46 (Fed. Cir. Jun. 24, 2016); Br. at 3-4. The Court is advised that petitioners' opening appellate briefs were due on October 14, 2016, and that, based on the Federal Circuit's average time from docketing to resolution, a decision may be expected in approximately April 2017. Br. at 4; Straight Path's Answering Memorandum in Opposition to Defendants' Motion to Stay (Dkt. No. 47) ("Op.") at 6, 8. The requested stay would run until the consolidated appeal is resolved.

## II. Discussion

"District courts have the inherent power to manage their dockets, which includes issuing a stay pending the conclusion of review proceedings before the USPTO." *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, 13-cv-5669, 2014 WL 2854656, at *2 (S.D.N.Y. Jun. 20, 2014); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort itself, for counsel, and for litigants"). Courts have recognized that this power extends to staying infringement actions while final PTAB IPR decisions are appealed to the Federal Circuit. *See, e.g., Depomed, Inc. v. Purdue Pharma L.P.*, C.A. No. 13-571, 2016 WL 50505, at *2 (D.N.J. Jan. 4, 2016). The decision whether to grant a stay is committed to the district court's sound discretion, and the court "is given considerable leeway in the exercise of its judgment." *See, e.g., Ultratec, Inc. v. CaptionCall, LLC*, 611 Fed. App'x 720, 721-23 (Fed. Cir. 2015) (Mem.). Courts in this District consider three factors in determining whether a stay pending resolution of IPR proceedings is appropriate: "(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and

3

(3) whether a stay will prejudice the nonmoving party." *CDX*, 2014 WL 2854656, at *2 (internal quotation marks omitted). "These factors are not exclusive, however, and in the end, an overarching consideration of the circumstances in their totality governs." *Rensselaer Polytechnic Inst. v. Apple Inc.*, 1:13-cv-0633, 2014 WL 201965, at *3 (N.D.N.Y. Jan. 15, 2014). The party seeking the stay bears the burden of demonstrating that such relief is warranted. *Id.*

Defendants argue that the requested stay will simplify and streamline this case regardless of who prevails before the Federal Circuit. Specifically, Defendants contend, the Circuit's decision will have one of two effects: it will either substantially moot at least two of Straight Path's three causes of action (if the appellants prevail on their obviousness challenges and claims that Straight Path seeks to assert here are invalidated), or it will clarify its previous construction of "is connected to the computer network" and provide guidance as to the proper application of that construction to prior art, with potentially significant ramifications for the infringement allegations that Straight Path presses here (if the Federal Circuit affirms the PTAB). Defendants further note that this matter is in its earliest stages and argue that Straight Path will suffer no prejudice from the delay that a stay would occasion. Straight Path, in opposition, argues principally that a stay is unwarranted because the Federal Circuit is unlikely to reverse the PTAB and that, by virtue of the Circuit's opinion in the *Sipnet* Action, this case is already "likely as streamlined as it will get." Op. at 1, 4. Straight Path also notes that its infringement claims have already "been effectively pending for two years," Op. at 6, and maintains that further delay will hinder its ability to gather evidence and cause harm to its patent licensing business.

The Court finds that, under the unusual circumstances presented, the applicable factors weigh in favor of a stay. First, while the Court declines the invitation to speculate as to how the Federal Circuit will ultimately rule,[1] it agrees with Defendants that a decision in favor of either

---

[1] *Cf. Benefit Funding Sys. LLC v. Advance America Cash Advance Ctrs. Inc.*, 767 F.3d 1383, 1386 (Fed. Cir. 2014) ("A district court, in the context of a stay determination, need not and should not analyze whether the PTAB might, at some later date, be determined to have acted outside its authority. . . . Such an analysis would, among other things, be antithetical to the efficiency goals of such a stay."); *Rensselaer Polytechnic*, 2014 WL 201965, at *8 ("I have found no authority . . . to suggest that a court, lacking the expertise of the PTO, should

4

side is likely to carry at least some streamlining benefits for this action, whether because causes of action are reduced in their scope or foreclosed entirely or because the contours of the infringement inquiry are sharpened by the Federal Circuit's application of its recent claim construction to prior art. If, for example, Straight Path prevails in the appeal, then the Circuit's analysis in distinguishing the challenged claims from prior art may well shed considerable light on whether Defendants' products infringed the Patents-in-Suit. *See, e.g., LG Elecs., Inc. v. Toshiba Samsung Storage Tech. Korea Corp.*, C.A. No. 12-1063, 2015 WL 8674901, at *3 (D. Del. Dec. 11, 2015) ("[R]egardless of whether the appellate court affirms or reverses the PTAB's decision, its analysis could provide greater clarity as to claim construction-related or invalidity-related issues that might arise in this case," including "what conduct would, in fact, infringe these claims and what prior art would render the claims invalid"). On balance, the simplification factor lends at least modest – and, potentially, far greater – support to a stay. Indeed, the Court notes that Judge Trenga of the Eastern District of Virginia recently continued a stay, over Straight Path's objections, of another Straight Path infringement suit concerning the 704 and 121 Patents until resolution of the consolidated appeal. *See Straight Path IP Group, Inc. v. VIZIO, Inc.*, 13-cv-934, Dkt. No. 205 (E.D. Va. Aug. 5, 2016); *Straight Path IP Group, Inc. v. VIZIO, Inc.*, 13-cv-934, Dkt. No. 213 (E.D. Va. Sept. 26, 2016) (denying Straight Path's motion for reconsideration).

  Second, as Defendants note, this case is in its infancy. No discovery has been taken and neither a claim construction hearing nor a trial has been scheduled. As the Federal Circuit has held, this "timing factor heavily favors a stay." *See VirtualAgility Inc. v. SalesForce.com, Inc.*, 759 F.3d 1307, 1315-17 (Fed. Cir. 2014) (reversing denial of stay and observing that "the case was less than four months old," "[d]iscovery had not yet begun and no trial date had been set").

  Third, a stay will not be unduly prejudicial. Straight Path makes several arguments to the contrary, but each is unavailing. First, Straight Path briefly urges that further delay of this matter

---

examine the strength of a petitioner's claims of invalidity asserted in an IPR petition when addressing a motion to stay.")

5

will work unspecified "harm[]" to its business. Op. at 8. Particularly without benefit of explanation or support, the Court cannot credit this passing assertion. As a patent licensing and enforcement firm, Straight Path is not (and does not purport to be) a direct competitor of Defendants – an "important factor" that courts consider in assessing potential business injury to patent owners in the context of stay applications. *See, e.g.*, *CDX*, 2014 WL 2854656, at *4 (internal quotation marks omitted); *see also Audio MPEG, Inc. v. Hewlett-Packard Comp.*, 2:15-cv-73, 2015 WL 5567085, at *4 (E.D. Va. Sept. 21, 2015) ("Courts often find a stay will unduly prejudice the plaintiffs when the parties sell similar products to similar customers or in similar markets."); *Rensselaer Polytechnic*, 2014 WL 201965, at *6 ("Where, as here, the parties are not direct competitors . . . there is little risk that the plaintiff will suffer irreparable harm through the continued use of accused technology that cannot be compensated through monetary relief."). Competitive considerations aside, the Court simply sees no reason (and Straight Path provides none) why the stay of an infringement action initiated by Straight Path would impede its ability to license any patent in its portfolio. *See PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014) (deeming argument that entry of stay would harm plaintiff's efforts to license the patents-in-suits "speculative" and noting that "[c]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement") (internal quotation marks omitted). Relatedly, Straight Path does not dispute that several of the Patents-in-Suit have already expired, a fact that further underscores that "monetary damages will be sufficient to compensate [Straight Path] for any infringement" and belies its assertion of any ongoing harm to its business interests. *Audio MPEG*, 2015 WL 5567085, at *5; *cf. also VirtualAgility*, 759 F.3d at 1318 (recognizing that "[a] stay will not diminish the monetary damages to which [plaintiff] will be entitled if it succeeds in its infringement suit").

      Straight Path also contends that the delay resulting from a stay will hinder its ability to obtain documents and information concerning Defendants' products in the 2008-2009

6

timeframe – materials that, in some cases, are already "eight or more years old." Op. at 8-9. But again, it provides no substantive support for this position, instead citing only generic concerns that "witnesses' memories fade," "[k]nowledgeable employees leave and can be hard to find," and "documents can be inadvertently lost or destroyed." *Id.* at 9. Such bare observations – while perhaps accurate as a general matter – are, without more, far too speculative to support a finding of undue prejudice in this case.[2] *See VirtualAgility*, 759 F.3d at 1319 (possibility that, with "the passage of time, memories may fade and witnesses may become unavailable," does not in and of itself constitute undue prejudice).

Finally, Straight Path makes the rather bold assertion that it "has already suffered prejudice as a result of the effective stay that has been in place since the case was originally dismissed." Op. at 9. Much if not all of that "effective stay," however, is attributable to Straight Path itself. To recap, Straight Path, hoping to resuscitate 704 Patent claims recently cancelled by the PTAB, *joined* with Defendants in moving to stay its original action pending *Straight Path's* appeal to the Federal Circuit, and then *voluntarily* dismissed that suit and waited nearly eighteen months before refiling – now armed with a favorable decision from the *Sipnet* Action. That sequence of events can hardly be said to have prejudiced Straight Path. In any event, courts have recognized as a general matter that "'[m]ere delay in the litigation does not establish undue prejudice.'" *CDX*, 2014 WL 2854656, at *4 (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1033 (C.D. Cal. 2013)) (brackets in original); *Rensselaer Polytechnic*, 2014 WL 201965, at *4 (same).

Applying the relevant factors and considering the totality of the circumstances, the Court concludes that a stay of this matter pending resolution of the consolidated appeal to the Federal Circuit is appropriate. Straight Path requests in its opposition papers that the Court allow it to

---

[2] It also bears noting that given the time that has already elapsed since 2008 – much of it passing while Straight Path was initiating actions against other defendants regarding the Patents-in-Suit and voluntarily dismissing the first iteration of this case – it is difficult for the Court to accept, particularly without evidence, that staying this matter for (in all likelihood) another six to seven months will have a significant marginal impact on Straight Path's ability to gather evidence.

7

take "discovery regarding infringement and damages" during the term of any entered stay. Op. at 11. The Court finds that permitting such discovery without benefit of the Federal Circuit's forthcoming decision would undermine the efficiency and resource conservation interests that a stay is designed to serve and, accordingly, denies that request.

### III. Conclusion

For the foregoing reasons, Defendants' motion to stay is GRANTED. Defendants shall submit a letter every ninety days from the date of this Order advising the Court of the status of the proceedings before the Federal Circuit and of Defendants' position on whether the stay should continue. Defendants are further directed to advise the Court within three business days of the issuance of the Federal Circuit's decision.

Defendants' motion for oral argument on their motion to stay is DENIED as moot.

The initial pretrial conference currently scheduled for October 28, 2016 is adjourned *sine die*.

This resolves Dkt. Nos. 41 and 53.

SO ORDERED.

Dated: October 18, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge